UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

STANDING PRACTICE ORDER
FOR SOCIAL SECURITY ACTIONS
UNDER 42 U.S.C. § 405(g)

STANDING ORDER NO. 2022-26

### STANDING ORDER

On December 1, 2022, the Federal Rules of Civil Procedure were amended to include Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g). This Standing Order is intended to incorporate those changes, and inform the parties of the briefing and other litigation responsibilities that commonly arise during the course of a Social Security action. In doing so, this Order will describe the major provisions of Local Rules relating to Social Security Actions. The parties should consult Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g) and this Court's local rules for a complete description of their requirements.

The Clerk of Court will serve a copy of this Standing Order on the parties in all Social Security Actions. It shall be binding on all parties. Failure of a party to comply will result in the sanctions specified herein,

**IT IS HEREBY ORDERED** that:

1) **Service of the Complaint**. In Social Security actions, service will be accomplished by the Court. The plaintiff is not required to serve a summons or complaint.

Upon receipt of a complaint in a Social Security action, the Clerk of Court will make service by sending a Notice of Electronic Filing to the Social Security Administration's Office of General Counsel and to the United States Attorney for the Middle District of Pennsylvania. The Office of General Counsel has agreed to receive notice via email at OGC.MDPA@ssa.gov, and the United States Attorney has agreed to receive notice via email at usapam.ssa@usdoj.gov.

In cases where the plaintiff has filed an application to proceed *in forma pauperis*, the Clerk of Court will notify the Commissioner of the commencement of the Social Security action after the judge assigned to the case has approved the plaintiff's application.

If the plaintiff files a paper complaint, the Clerk of Court will notify the plaintiff when the complaint has been served electronically.

**2) Answer and Transcript**. The Commissioner shall serve and file an answer, together with a certified copy of the transcript of the administrative record, within sixty (60) days of service of the complaint.

**3) The Plaintiff's Brief**. Within thirty (30) days after service of the Commissioner's answer, the plaintiff shall serve and file a brief containing the following sections: statement of the case, statement of errors, argument and conclusion. That brief shall comply with LR 83.40.4. Unless otherwise allowed by Local Rule or Order of Court, the brief shall not exceed fifteen (15) pages.

**4) The Commissioner's Brief**. Within thirty (30) days after service of the plaintiff's brief, the Commissioner shall serve and file a brief in response to the plaintiff's brief. The brief shall comply with LR 83.40.5. Unless otherwise allowed by Local Rule or Order of Court, the brief shall not exceed fifteen (15) pages.

**5) The Plaintiff's Reply**. Within fourteen (14) days after filing of the Commissioner's brief, the plaintiff may file a reply brief. Unless otherwise allowed by Order of Court, the reply brief shall not exceed ten (10) pages.

**6) Extensions of Time**. No extensions of time will be permitted without a specific order of the Court.

**7) Consequences of Noncompliance**. Failure of the plaintiff to comply with paragraph 3 of this Order relating to the filing of a supporting brief may result in the dismissal of the case for

failure to prosecute and abide by a court order without any further warning from the Court. Failure of the Commissioner to comply with paragraph 4 of this Order relating to the filing of an opposition brief may result in the plaintiff's action being deemed unopposed.

**8) <u>Other Motions</u>**. The parties shall comply with LR 7.1 through 7.8 with respect to any motions filed.

BY THE COURT:

Matthew W. Brann
Chief United States District Judge

Dated: December 1, 2022